UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MARIE SALEM, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>METHODE ELECTRONICS, INC., DONALD W. DUDA, and RONALD L.G. TSOUMAS,<br><br>　　　　　　　　　Defendants. | Case No. 1:24-cv-07696<br><br>CLASS ACTION |
| CITY OF CAPE CORAL MUNICIPAL GENERAL EMPLOYEES' RETIREMENT PLAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>METHODE ELECTRONICS, INC., DONALD W. DUDA, RONALD L.G. TSOUMAS, and JOSEPH KHOURY,<br><br>　　　　　　　　　Defendants. | Case No. 1:24-cv-09654<br><br>CLASS ACTION |

**DEKALB COUNTY PENSION FUND'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR: (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL BACKGROUND ........................................................................................... 3

ARGUMENT ................................................................................................................... 5

I.    THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL
PURPOSES ......................................................................................................... 5

II.   DEKALB IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR
THE CLASS ........................................................................................................ 7

     A.    The PSLRA Standard For Appointing Lead Plaintiff............................ 7

     B.    Under the PSLRA, DeKalb Should Be Appointed Lead Plaintiff ......... 8

          1.    DeKalb Filed a Timely Motion.................................................... 8

          2.    DeKalb Has the Largest Financial Interest in the Relief Sought by the
Class............................................................................................. 9

          3.    DeKalb Meets Rule 23's Typicality and Adequacy Requirements ........... 9

III.  DEKALB'S SELECTION OF COUNSEL SHOULD BE APPROVED......................... 11

CONCLUSION............................................................................................................... 15

i

## TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Blair v. Equifax Check Servs., Inc.*,
  181 F.3d 832 (7th Cir. 1999) ....................................................................................................6

*Chandler v. Ulta Beauty, Inc.*,
  No. 18-cv-1577, 2018 WL 3141763 (N.D. Ill. June 26, 2018)...........................................9, 10

*Ferreria v. Funko, Inc.*,
  No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020).......................2

*In re GE Sec. Litig.*,
  No. 09 Civ. 1951(DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) .....................................6

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ..............................................................................................2

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)...............................................9, 10

*Mayo v. Apropos Tech., Inc.*,
  No. 01 C 8406, 2002 WL 193393 (N.D. Ill. Feb. 7, 2002)............................................6, 10, 11

*Reitan v. China Mobile Games & Ent. Grp.*,
  68 F. Supp. 3d 390 (S.D.N.Y. 2014)......................................................................................12

*Sokolow v. LJM Funds Mgmt., Ltd.*,
  No. 18-cv-01039, 2018 WL 3141814 (N.D. Ill. June 26, 2018)................................7, 8, 9, 10

*Taubenfeld v. Career Educ. Corp.*,
  No. 03 C 8884, 2004 WL 554810 (N.D. Ill. Mar. 19, 2004) ................................................6, 7

*In re The Boeing Co. Aircraft Sec. Litig.*,
  No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ...............................................8

*Wagner v. Spectrum Brands Legacy, Inc.*,
  No. 19-cv-178-jdp, 2019 WL 2443036 (W.D. Wis. June 12, 2019) .........................................8

*Zak v. Chelsea Therapeutics Int'l, LTD.*,
  780 F.3d 597 (4th Cir. 2015) ..................................................................................................13

**Statutes**

15 U.S.C. § 78u-4(a) .................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4)............................................................................................................10

Fed. R. Civ. P. 42(a) ..............................................................................................................2, 6

Anne Cullen,
    *More Judges Are Demanding Diversity Among Class Counsel,*
    Law360 (July 16, 2020) .....................................................................................................14

Ralph Chapoco,
    *Calls for Lawyer Diversity Spread to Complex Class Litigation,*
    Bloomberg Law (July 30, 2020) .........................................................................................14

DeKalb County Pension Fund ("DeKalb") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of its motion for the entry of an order: (1) consolidating the above-captioned, related actions (the "Actions");[1] (2) appointing DeKalb as Lead Plaintiff; and (3) approving DeKalb's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm"), in conjunction with local liaison counsel, Miller Law LLC (the "Miller Firm"), as Lead Counsel.[2]

## PRELIMINARY STATEMENT

The Action presently pending before this Court is brought on behalf of all persons and entities who purchased or otherwise acquired Methode Electronics, Inc. ("Methode" or the "Company," together with Donald W. Duda ("Duda"), Ronald L.G. Tsoumas, and Joseph Khoury, the "Defendants") common stock between December 2, 2021 and March 6, 2024, inclusive (the "Class Period"), which seeks to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the

---

[1] The following two Actions are pending before this Court: (1) *Salem v. Methode Electronics, Inc., et al.*, No. 1:24-cv-07696, which was filed on August 26, 2024 ("*Salem*"); and (2) *City of Cape Coral Municipal General Employees' Retirement Plan v. Methode Electronics, Inc., et al.*, No. 1:24-cv-09654, which was filed on October 7, 2024 ("*Cape Coral*"). The *Salem* Action is brought on behalf of "all purchasers of Methode common stock between June 23, 2022 and March 6, 2024, both dates inclusive . . . seeking to pursue remedies under the [Exchange Act] against Methode and certain of the Company's senior officers and directors." *Salem*, Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Salem* Complaint"). The *Cape Coral* Action is brought on behalf of "all persons and entities who purchased or otherwise acquired Methode common stock between December 2, 2021, and March 6, 2024, inclusive . . . seeking to pursue remedies under Sections 10(b) and 20(a) of the [Exchange Act] and SEC Rule 10b-5, promulgated thereunder." *Cape Coral*, Class Action Complaint for Violations of the Federal Securities Laws ¶ 1, ECF No. 1 ("*Cape Coral* Complaint").

[2] Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of Lori A. Fanning filed herewith.

1

Exchange Act and Securities and Exchange Commission Rule 10b-5 promulgated thereunder.[3]

As an initial matter, the Court must decide whether to consolidate the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the Court may consolidate the actions before it that involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The Actions may be consolidated as they allege violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, promulgated thereunder. The Actions also allege claims involving substantially similar facts. As the Actions raise common issues of fact and law, and consolidation will be more efficient for the Court and the parties, the Actions should be consolidated.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With losses of $724,440.17, DeKalb, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. DeKalb also satisfies Rule 23's typicality and adequacy requirements. DeKalb's claims are typical of the Class's claims because it suffered

---

[3]  For the purposes of "determining a lead plaintiff . . . the longer, most inclusive class period . . . is proper[.]" *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012); *see Ferreria v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 n.2. (C.D. Cal. June 11, 2020) (quoting *Plumbers & Pipefitters Loc. 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 624-25 (E.D. Wis. 2009)) (finding the "use [of] the most inclusive class period" proper for the purpose of a lead plaintiff motion)). Accordingly, the class period in the *Cape Coral* Complaint governs the appointment of a Lead Plaintiff for determining which movant possesses the largest financial interest.

losses on its Methode investment as a result of Defendants' false and misleading statements. Further, DeKalb has no conflict with the Class and will adequately protect the Class's interests given its significant stake in the litigation and its conduct to date in prosecuting the litigation, including its submission of the requisite certification and selection of experienced class counsel. Accordingly, DeKalb is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, DeKalb is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). DeKalb has engaged the Faruqi Firm, in conjunction with local liaison counsel the Miller Firm, for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, DeKalb's motion should be granted in its entirety.

**FACTUAL BACKGROUND**[4]

Methode is a Delaware corporation with its principal executive offices at 8750 West Bryn Mawr Avenue, Suite 1000, Chicago, Illinois 60631-3518. ¶ 22. Methode's common stock trades on the New York Stock Exchange under the ticker symbol "MEI." *Id.*

Methode designs, manufactures, and produces custom engineered solutions and other products for user interfaces, light-emitting diode lighting systems, and power distribution and sensor applications. ¶ 2. The Company's products are found in various end markets, such as transportation, cloud computing infrastructure, construction equipment, and consumer appliances. *Id.* Methode reports its financials through four business segments: Automotive;

---

[4] Unless otherwise noted, references to "¶ __" are to paragraphs in the *Cape Coral* Complaint. The *Salem* Complaint contains substantially similar information.

3

Industrial; Interface; and Medical. *Id.* As of the Company's 2024 fiscal year-end, Methode's Automotive segment is responsible for approximately 54% of the Company's net sales, with its Industrial segment responsible for the bulk of the remaining net sales. *Id.*

In 2010, Methode's Automotive segment was awarded the center console program for General Motors Company ("GM"), which, after beginning in fiscal year 2013, was projected to add approximately $100 million to Methode's revenue each year thereafter. ¶ 3. A substantial number of Methode's center console stacks made under the GM program were manufactured in Monterrey, Mexico. *Id.* The program award was critically important to Methode's business, operations, and prospects. In fiscal year 2016, at the peak of the program's production, Methode's sales to GM accounted for nearly 50% of the Company's consolidated net sales for the year. *Id.*

Throughout the Class Period, Defendants repeatedly assured investors that Methode's Automotive segment was growing and acquiring new business, but failed to disclose that Methode could not adequately meet its customers' needs because the Company was saddled by operational inefficiencies in North America, including planning deficiencies, inventory shortages, and shipping delays. ¶ 6. For example, on June 23, 2022, in connection with the announcement of the Company's fourth quarter and full fiscal year 2022 financial results Defendant Duda announced the Company's "three-year organic sales compounded annual growth rate [("CAGR")] target of 6%," which "demonstrates that our business model is not just healthy, but as prospering from the strategic step that we have taken to grow the business." *Id.*

The *Cape Coral* Complaint alleges that, throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business and operations. ¶ 15. Specifically, Defendants misrepresented

4

and/or failed to disclose that: (1) Methode's Automotive segment was not growing in the EV space to sufficiently replace the revenue that Methode was losing from the end of its GM center console program; (2) the Company's Automotive segment, particularly as it relates to Methode's operations in North America, was experiencing significant, ongoing operational inefficiencies that impaired the Company's ability to generate sustainable revenue growth and profitability; and (3) as a result, Defendants' representations about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis. *Id.*

Investors learned the full extent of Methode's operational challenges on March 7, 2024, when the Company reported its third quarter fiscal year 2024 financial results. ¶ 14. Critically, on the Company's investor earnings call held that same day, Avinash Avula, the Company's then-President and Chief Executive Officer, revealed a "$21 million year-over-year" decrease in Methode's quarterly net sales due to continued operational inefficiencies within the Automotive segment. *Id.* The Company also suspended its financial guidance for fiscal years 2024 and 2025 (which included the Company's three-year CAGR) and stated that "[a]ny and all previous guidance provided by the company should no longer be relied upon." *Id.* On this news, the price of Methode common stock declined $6.55 per share, or more than 31%, from a close of $21.04 per share on March 6, 2024, to close at $14.49 per share on March 7, 2024. *Id.*

Through the Action, DeKalb seeks to recover for itself and absent class members the substantial losses that were suffered as a result of Defendants' fraud.

## ARGUMENT

## I.      THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not determine the most adequate plaintiff "until after the decision on the motion to consolidate is

rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA advises courts to make the decision regarding the appointment of the lead plaintiff for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered[.]" *Id.*).

"By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). Consolidation is particularly appropriate when the actions before the court involve a common question of law or fact. *See* Fed. R. Civ. P. 42(a); *Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884, 2004 WL 554810, at *1 (N.D. Ill. Mar. 19, 2004) (consolidating securities class actions); *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 WL 193393, at *2 (N.D. Ill. Feb. 7, 2002) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact or law, and the differences do not outweigh the interest of judicial economy served by consolidation. *Mayo*, 2002 WL 193393, at *1-2 (consolidating actions asserting different class periods); *see In re GE Sec. Litig.*, No. 09 Civ. 1951(DC), 2009 WL 2259502, at *2-3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Actions at issue here clearly involve common questions of fact and law. The Actions assert claims under the Exchange Act on behalf of investors who were defrauded by the defendants. The Actions allege substantially the same wrongdoing, namely that the defendants issued materially false and misleading statements that artificially inflated the price of ATI securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Actions is therefore appropriate. *See Taubenfeld*, 2004 WL 554810, at *1 ("The court agrees that consolidation is appropriate for the six related cases insofar

6

as each involves class action claims on behalf of purchasers of CEC stock and each asserts similar if not overlapping claims for relief.").

## II. DEKALB IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS

### A. The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A); *Taubenfeld*, 2004 WL 554810, at *2.

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-cv-01039, 2018 WL 3141814, at *2 (N.D. Ill. June 26, 2018) (same); *Taubenfeld*, 2004 WL 554810, at *1-2.

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class

member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also LJM*, 2018 WL 3141814, at *2; *In re The Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019).

### B. Under the PSLRA, DeKalb Should Be Appointed Lead Plaintiff

As discussed below, DeKalb should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, DeKalb holds the largest financial interest of any movant, and DeKalb otherwise satisfies Rule 23's typicality and adequacy requirements.

#### 1. DeKalb Filed a Timely Motion

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Marie Salem published notice of the lead plaintiff deadline via *Globe Newswire* on August 26, 2024. *See* Ex. A; *Wagner v. Spectrum Brands Legacy, Inc.*, No. 19-cv-178-jdp, 2019 WL 2443036, at *2 (W.D. Wis. June 12, 2019) ("[C]ourts have consistently found [*Globe Newswire*] to be a widely-circulated newswire under § 78u-4(a)(3)(A)(i)"). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before October 25, 2024. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, DeKalb's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, DeKalb timely signed and submitted the requisite certification, identifying all of its relevant Methode trades during the Class Period, and detailing DeKalb's suitability to serve as Lead Plaintiff in this case. *See* Ex. B. The PSLRA's procedural requirements have therefore been met.

8

### 2. DeKalb Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *LJM*, 2018 WL 3141814, at *2; *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, at *2 (N.D. Ill. June 26, 2018). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *LJM*, 2018 WL 3141814, at *2; *Chandler*, 2018 WL 3141763, at *3.

Overall, during the Class Period, DeKalb purchased 23,402 net and 30,040 total Methode shares, expended $1,032,052.99 in net funds and suffered losses of $724,440.17 attributable to the fraud. *See* Ex. C. DeKalb is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. DeKalb Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Lax*, 1997 WL

9

461036, at *6; *LJM*, 2018 WL 3141814, at *6; *Chandler*, 2018 WL 3141763, at *5. When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Lax*, 1997 WL 461036, at *6; *Chandler*, 2018 WL 3141763, at *5 ("The typicality and adequacy elements are the relevant factors to the appointment of a lead plaintiff.").

Typicality is established where each class member's claim is "based on the same legal theories and arise from the same events and course of conduct giving rise to the claims of the other class members in this case." *LJM*, 2018 WL 3141814, at *6). "The claims of the class representative, however, need not be identical to the claims of the class to satisfy typicality." *Mayo*, 2002 WL 193393, at *4.

DeKalb's claims are clearly typical of the Class's claims. DeKalb purchased Methode securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Defendants under the federal securities laws. Because the factual and legal bases of DeKalb's claims are similar to those of the Class's claims, DeKalb necessarily satisfies the typicality requirement. *See Mayo*, 2002 WL 193393, at *4 (finding movant typical where its "claim . . . arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Lax*, 1997 WL 461036, at *6 ("As to adequateness under Rule 23(a) standards, [movants] must simply (1) not have claims that are antagonistic to or that

conflict with those of other class members, (2) have sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) be represented by attorneys who are competent, experienced, qualified, and generally able to conduct the litigation vigorously"); *Mayo*, 2002 WL 193393, at *4.

As evidenced by the representations in its certification, *see* Ex. B, DeKalb's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Mayo*, 2002 WL 193393, at *3 n.3 (movant's certification evidenced adequacy to serve as lead plaintiff).

Moreover, DeKalb is an experienced class representative, having helped to recover many millions of dollars for class members as a Lead Plaintiff in prior cases. DeKalb was a Co-Lead Plaintiff in *Maxim Integrated Products Securities Litigation*, United States District Court for the Northern District of California, Civil Action No. C-08-00832-PVT, in which $173 million was recovered for the class. DeKalb was also sole Lead Plaintiff in *ArthroCare Securities Litigation*, United States District Court for the Western District of Texas, Civil Action No. C-08-00574-SS, in which $74 million was recovered for the class.

DeKalb has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section III, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. D. Consequently, DeKalb is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, DeKalb respectfully submits that it is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## III. DEKALB'S SELECTION OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. DeKalb has selected the

Faruqi Firm to be Lead Counsel for the Class and the Miller Firm to act as Liaison Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. D; *see also Reitan v. China Mobile Games & Ent. Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases.").

For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (where, as sole lead counsel, the firm obtained final approval of $19.5 million settlement); *In re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (E.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $13.95 million settlement); *Lowthorp v. Mesa Air Grp., Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l,*

*LTD.*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, LTD.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtaining a recovery of more than $930 million for the benefit of the Company, and negotiating important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel and recovering a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Wayne v. Maxeon Solar Techs., Ltd.*, No. 24-cv-03869-EMC (N.D. Cal.) (appointed sole lead counsel for the class); *Labelle v. Future FinTech Grp., Inc.*, No. 2:24-cv-00247-JXN-JSA (D.N.J.) (appointed sole lead counsel for the class); *In re FutureFuel Corp., Sec. Litig.*, No. 4:24-cv-00881-MTS (E.D. Mo.) (appointed sole lead counsel for the class); *Clifton v. Willis*, No. 1:22-cv-03161-DDD-JPO (D. Colo.) (appointed sole lead counsel for the class of NewAge, Inc.

shareholders); *Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class of Lordstown Motors Corp. shareholders); *Alms v. Luminar Techs., Inc.*, No. 6:23-cv-982-JSS-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Wang v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *Hawes v. Argo Blockchain plc*, No. 1:23-cv-07305-CM (S.D.N.Y.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 3:21-cv-09585-AMO (N.D. Cal.) (appointed sole lead counsel for the class); and *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[5] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[6] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com

---

[5]     *See* Ex. E (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business).

[6]     *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

The Miller Firm, liaison counsel, is similarly experienced in complex civil litigation, and securities class actions in particular. *See* Ex. F. The firm has a demonstrated track record of involvement in high-profile class actions. The Miller Firm has been repeatedly recognized by their peers and the courts and has served in a variety of counsel roles. The firm's knowledge of the Court will benefit DeKalb and the Class in a positive way.

## CONCLUSION

For the foregoing reasons, DeKalb respectfully requests that the Court: (1) consolidate the above-captioned, related Actions; (2) appoint it as Lead Plaintiff; (3) approve its selection of Lead Counsel and Liaison Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

Dated: October 25, 2024

Respectfully submitted,

**MILLER LAW LLC**

By:     */s/ Lori A. Fanning*
        Lori A. Fanning

Marvin A. Miller
Lori A. Fanning
53 W. Jackson Blvd., Suite 1320
Chicago, IL 60604
Telephone: 312-332-3400
Facsimile: 312-676-2676
Email: mmiller@millerlawllc.com
       lfanning@millerlawllc.com

*Attorneys for [Proposed] Lead Plaintiff DeKalb County Pension Fund and [Proposed] Liaison Counsel for the putative Class*

James M. Wilson, Jr. (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor

15

New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:   jwilson@faruqilaw.com

Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
3565 Piedmont Road NE Building Four
Suite 380
Atlanta, GA 30305
Telephone: 404-847-0617
Facsimile: 404-506-9534
        Email:  rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff DeKalb
County Pension Fund and [Proposed] Lead
Counsel for the putative Class*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed on October 25, 2024 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

By:     */s/ Lori A. Fanning*
Lori A. Fanning