# EXHIBIT C

**JOINT DECLARATION OF BRIAN FENSKE, DAVID FASHBAUGH, AND WALTER SZYMANSKI IN SUPPORT OF THE PENSION FUNDS' MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

We, Brian Fenske, David Fashbaugh, and Walter Szymanski declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of City of Cape Coral Municipal General Employees' Retirement Plan ("Cape Coral"), Michigan Electrical Employees' Pension Fund ("Michigan Electrical"), and Allegheny County Employees' Retirement System ("Allegheny") (together, the "Pension Funds") for consolidation of related actions, appointment as Lead Plaintiff, and approval of the Pension Funds' selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the proposed class in the securities class action litigation against Methode Electronics, Inc. ("Methode" or the "Company") and certain of its former executive officers (collectively, "Defendants").  We are informed of and understand the requirements and duties imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") on the lead plaintiff, including the selection and retention of counsel, and overseeing the prosecution of the Methode litigation.  We each have personal knowledge about the information in this Joint Declaration relating to the movant with which we are respectively associated.

2.      I, Brian Fenske, am the Chairman of the Board of Trustees of Cape Coral and am authorized to make this Joint Declaration on behalf of Cape Coral.  Cape Coral provides pension benefits for certain actively employed, regular-full-time persons working for the City of Cape Coral, Florida.  Cape Coral has approximately $400 million in assets under management.  As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Cape Coral incurred

1

Docusign Envelope ID: 1B90D07A-50DF-45A8-A8B5-38EAA3391B00

substantial losses on its investments in Methode common stock. Cape Coral is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Cape Coral filed one of the initial actions in this litigation and has experience overseeing litigation under the federal securities laws. *See, e.g.*, *City of Cape Coral Mun. Gen. Emps.' Ret. Plan v. Methode Elecs., Inc., et al.*, No. 24-cv-09654 (N.D. Ill.) (filed class action complaint); *Chauhan v. Intercept Pharm., Inc., et al.*, No. 21-cv-00036 (S.D.N.Y.) (moved for appointment as lead plaintiff).

3.     I, David Fashbaugh, am the Chairman of the Board of Michigan Electrical, and I am authorized to make this Joint Declaration on behalf of Michigan Electrical. Michigan Electrical was created through collective bargaining to provide retirement income to members of certain participating local unions of the International Brotherhood of Electrical Workers with chapters in the State of Michigan. Michigan Electrical has over $500 million in assets under management. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Michigan Electrical incurred substantial losses on its investments in Methode common stock. Michigan Electrical is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.     I, Walter Szymanski, am the Manager of Allegheny, and I am authorized to make this Joint Declaration on behalf of Allegheny. Allegheny provides retirement, disability, and death benefits for employees of Allegheny County, Pennsylvania, and their beneficiaries, and has more than 12,100 plan participants. Allegheny has over $900 million in assets under management. As set forth in the motion for appointment as Lead Plaintiff and supporting papers, Allegheny incurred substantial losses on its investments in Methode common stock. Allegheny is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with

which a lead plaintiff is charged under the PSLRA. Allegheny's familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as a lead plaintiff in several federal securities class actions. *See, e.g.*, *In re AdaptHealth Corp. Sec. Litig.*, No. 2:23-cv-04104 (E.D. Pa.) (MRP) (serving as a lead plaintiff with Bernstein Litowitz as lead counsel); *Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, No. 20-cv-200 (GAM) (E.D. Pa.) (serving as a lead plaintiff with Bernstein Litowitz as co-lead counsel, and certified as a class representative); and *Winter v. Stronghold Digital Mining, Inc.*, No. 22-cv-03088 (RA) (S.D.N.Y.) (serving as a lead plaintiff); *see also Beaver Cnty. Emps. Ret. Sys., et al. v. Cyan, Inc., et al.*, No. CGC-14-538355 (Super. Ct. Cal.) (recovering $15 million as class representative in litigation asserting claims under the federal securities laws).

5.      The members of the Pension Funds are motivated to recover the significant losses that they and the class suffered as a result of Defendants' violations of the federal securities laws. The Pension Funds' principal goal in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties. We believe that the prosecution of this litigation should be entrusted to sophisticated investors with a substantial financial interest in the claims against Defendants, and that are committed to ensuring that this matter is litigated as zealously and efficiently as possible, in accordance with our duties under the PSLRA.

6.      Accordingly, the Pension Funds reaffirm their commitment to satisfying the fiduciary obligations that they will assume if appointed Lead Plaintiff, including their members conferring with each other and with our counsel regarding the litigation strategy and other matters, attending court proceedings, depositions, any settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, the Pension Funds will ensure that the Methode securities litigation will be vigorously

Docusign Envelope ID: 1B90D07A-50DF-45A8-A8B5-38EAA3391B00

prosecuted consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the class, and will seek to obtain the greatest possible recovery for the class.

7. The members of the Pension Funds are familiar with the facts and circumstances relating to the pending class action lawsuit involving Methode. The members of the Pension Funds each followed their own deliberative process to determine whether to seek a leadership role in this action. As part of those processes, which included full consideration of the merits of the claims by decision-makers for each institution, as well as consideration of the substantial economic interest that each member has in this action, the members of the Pensions Funds independently determined to seek appointment as Lead Plaintiff in this case, and informed their respective counsel of their decision. Each of the members of the Pension Funds expressed to their counsel an interest in working with other sophisticated institutional investors and each member independently determined to seek joint appointment as Lead Plaintiff. In that regard, the Pension Funds understand that the PSLRA and courts throughout the United States permit groups which, like the Pension Funds, are committed to actively working together to serve as lead plaintiff. Additionally, we each believe that joint leadership can provide significant benefits to the class. That belief is informed, in part, by Allegheny's experience serving as a lead plaintiff with other institutional investors in the *AdaptHealth* and *Energy Transfer* actions. We are confident that our partnership, which would allow us to share our experiences, perspectives, and resources when leading this litigation, would add substantial value to the prosecution of the Methode litigation and benefit the class.

8. For these reasons, and after additional diligence, each member of the Pension Funds independently determined that we could achieve our shared goal of securing the maximum

4

potential recovery for Methode investors by seeking joint appointment as Lead Plaintiff, and that our partnership would ensure that the class was represented by highly qualified counsel.

9. Prior to seeking appointment as Lead Plaintiff, representatives of Cape Coral, Michigan Electrical, and Allegheny participated in a conference call to discuss our leadership of this litigation and commitment to jointly prosecute this important matter. This call included discussion of, among other things: the facts and merits of the claims against Defendants; the losses arising from Defendants' misconduct; the strategy for the prosecution of this litigation; the shared desire to achieve the best possible result for the class; the shared interest in serving jointly as Lead Plaintiff in this case; and the benefits the class would receive from our joint leadership of the case. Representatives of Cape Coral, Michigan Electrical, and Allegheny further discussed the Pension Funds' commitment to take an active role in supervising the prosecution of the action. Cape Coral, Michigan Electrical, and Allegheny believe that by working together we will ensure that the class's claims are efficiently and zealously prosecuted through our oversight of proposed Lead Counsel, Kessler Topaz and Bernstein Litowitz.

10. The members of the Pension Funds further agree that our collective resources and ability to engage in joint decision-making will materially benefit and advance the interests of the class in this litigation. Through our discussions, the members of the Pension Funds determined that we are like-minded investors with a substantial financial stake in this litigation and share a commitment to maximizing investors' recovery.

11. Moreover, the members of the Pension Funds are highly motivated to recover our respective substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation. To this end, we have discussed with each other the importance of joint decision-making, open communication, and the ability to confer, with or without counsel, via

Docusign Envelope ID: 1B90D07A-50DF-45A0-A8B5-38EAA3391B00

telephone and emails on short notice to ensure that we are able to make timely decisions. Among other things, members of the Pension Funds are available to confer via telephone and email to ensure that we are able to act in a timely manner. Given our common goals and incentives to maximize the class's recovery in this case, we do not envision having any dispute relating to our oversight of this action. However, in the unlikely event that any such disputes arise, we plan to engage in thorough discussion with each other and our counsel to come to a resolution.

12. In addition to discussing our goals for the litigation, the members of the Pension Funds recognize the importance of selecting qualified counsel to prosecute the litigation, and that counsel does so in a cost-effective manner. With respect to our selected counsel, we believe that the class will benefit from having law firms experienced in litigating securities class actions and successfully serving as Lead Counsel. We have been informed of and are familiar with the experience, resources, and successes of our proposed Lead Counsel, Kessler Topaz and Bernstein Litowitz, and are aware that Kessler Topaz and Bernstein Litowitz are accomplished law firms with a history of achieving significant recoveries in actions they have prosecuted. Moreover, to ensure that this litigation will be prosecuted efficiently and without duplication of effort, prior to seeking appointment as Lead Plaintiff, the Pension Funds instructed Kessler Topaz and Bernstein Litowitz to enter into a Joint Prosecution Agreement to govern counsel's activities in this litigation. The Pension Funds further instructed Kessler Topaz and Bernstein Litowitz to provide the Joint Prosecution Agreement to the Court for *in camera* review should the Court deem such a review necessary.

13. Additionally, we understand that Kessler Topaz and Bernstein Litowitz have recovered more than $6 billion for investors while jointly prosecuting other securities class actions, including cases in this District and before this Court. *See, e.g.*, *In re Baxter Int'l Inc. Sec. Litig.*,

No. 1:19-cv-7786 (SLE) (N.D. Ill.) (Ellis, J.) (Kessler Topaz and Bernstein Litowitz served as lead counsel and achieved a $16 million recovery for investors); *In re Kraft Heinz Sec. Litig.*, No. 1:19-cv-1339 (N.D. Ill.) (Alonso, J.) (Kessler Topaz and Bernstein Litowitz served as co-lead counsel and recovered $450 million for investors); *In re Bank of Am. Corp. Sec., Derivative, and Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 09-md-2058 (PKC) (S.D.N.Y.) (Kessler Topaz and Bernstein Litowitz served as co-lead counsel and achieved a $2.425 billion recovery for investors).

14.     Furthermore, we note that Kessler Topaz and Bernstein Litowitz have already demonstrated their commitment to the prosecution of this case and to the protection of the class's interests through, among other things, their thorough pre-suit investigation into Defendants' conduct and their analysis of the merits of potential claims here.  This investigation resulted in Cape Coral filing an initial complaint with Kessler Topaz and Bernstein Litowitz against Defendants on behalf of the class, expanding the class period and maximizing the class's recovery in this case.  Through our oversight of our proposed counsel, we are confident that Kessler Topaz and Bernstein Litowitz will prosecute this litigation in a zealous and efficient manner.

15.     In addition, the members of the Pension Funds understand the Lead Plaintiff's responsibility to ensure that any request for attorneys' fees sought by counsel is appropriate.  We take this obligation seriously and believe the limit on fees set forth in our respective retainer agreements with counsel properly align the interests of counsel with those of the class.  We also understand that the attorneys' fees awarded to counsel in this case, if any, will be set by the Court.  Ultimately, we believe the experience and success of Kessler Topaz and Bernstein Litowitz in prosecuting securities class actions, combined with our oversight of Kessler Topaz and Bernstein Litowitz, will ensure that the class receives the best possible representation in this case.

**[REMAINDER INTENTIONALLY BLANK]**

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to City of Cape Coral Municipal General Employees' Retirement Plan are true to the best of my knowledge.

Executed this __24th__ day of October 2024.

Signed by:

Brian Fenske

76F0D18666CE435...

Brian Fenske
*Chairman of the Board of Trustees*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Michigan Electrical Employees' Pension Fund are true to the best of my knowledge.

Executed this __24th__ day of October 2024.

By: _David Fashbaugh_____

David Fashbaugh
*Chairman of the Board*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Allegheny County Employees' Retirement System are true to the best of my knowledge.

Executed this 24th day of October 2024.

Walter Szymanski
*Manager of Allegheny County Employees'*
*Retirement System*