UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| MARIE SALEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:24-cv-07696 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Sara L. Ellis Magistrate Judge M. David Weisman |
| METHODE ELECTRONICS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| CITY OF CAPE CORAL MUNICIPAL GENERAL EMPLOYEES' RETIREMENT PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | Case No. 1:24-cv-09654 CLASS ACTION |
| Plaintiff, | ) ) ) | Judge Robert W. Gettleman Magistrate Beth W. Jantz |
| vs. | ) ) | |
| METHODE ELECTRONICS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4892-5983-7170.v1

## I.    INTRODUCTION

Two related securities class action lawsuits brought on behalf of purchasers of Methode Electronics, Inc. ("Methode" or the "Company") common stock are pending in this district.[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they are based on the same core set of facts and assert similar claims against overlapping defendants on behalf of a proposed class of investors that purchased Methode common stock during overlapping time periods alleging the same violations of the federal securities laws.  *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.

As soon as practicable after consolidating the Related Actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  Here, City of Detroit General Retirement System, Genesee County Employees' Retirement System, and City of Monroe Employees' Retirement System (collectively, the "Michigan Retirement Systems") should be appointed lead plaintiff because they filed a timely motion, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Michigan Retirement Systems' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).

---

[1]    The Related Actions are *Salem v. Methode Elecs., Inc.*, No. 1:24-cv-07696 (filed August 26, 2024) and *City of Cape Coral Mun. Gen. Emps.' Ret. Plan v. Methode Elecs., Inc.*, No. 1:24-cv-09654 (filed October 7, 2024).  Unless otherwise noted, all emphasis is added and citations are omitted.

4892-5983-7170.v1

## II.    FACTUAL BACKGROUND

Methode is a Chicago-based software company which designs, engineers, and produces mechatronic products for Original Equipment Manufacturers ("OEMs").  The Company's stock trades on the New York Stock Exchange under the ticker MEI.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Methode had lost highly skilled and experienced employees during the COVID-19 pandemic necessary to successfully complete Methode's transition from its historic low mix, high volume production model to a high mix, low production model at its Monterrey facility; (ii) Methode's attempts to replace its General Motors center console production with more diversified, specialized products for a wider array of vehicle manufacturers and OEMs, in particular in the electric vehicle ("EV") space, had been plagued by production planning deficiencies, inventory shortages, vendor and supplier problems, and, ultimately, botched execution of the Company's strategic plans; (iii) Methode's manufacturing systems at its critical Monterrey facility suffered from a variety of logistical defects, such as improper system coding, shipping errors, erroneous delivery times, deficient quality control systems, and failures to timely and efficiently procure necessary raw materials; (iv) the Company had fallen substantially behind on the launch of new EV programs out of its Monterrey facility, preventing Methode from timely receiving revenue from new EV program awards; and (v) as a result, the Company was not on track to achieve the 2023 diluted earnings-per-share guidance or the 3-year 6% organic sales compound annual growth rate represented to investors and such estimates lacked a reasonable factual basis.

The complaints allege that the truth was revealed to investors through a series of partial disclosures from March 9, 2023 through March 7, 2024, each having the effect of reducing the price

4892-5983-7170.v1

of Methode's common stock, damaging investors. By mid-June 2024, the price of Methode stock had fallen to less than $10 per share, more than 80% below its Class Period high.

As a result of defendants' alleged wrongful acts and omissions, and the precipitous decline in the market value of Methode common stock, the Michigan Retirement Systems and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Related Actions present nearly identical factual and legal issues, allege similar claims on behalf of overlapping classes of Methode investors, and name overlapping defendants.[2] Because the Related Actions clearly arise out of the same facts and circumstances, the same discovery will be relevant to all lawsuits. Thus, the Related Actions should be consolidated.

### B. The Michigan Retirement Systems Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the

---

[2]    *Compare Salem v. Methode Elecs., Inc.*, No. 1:24-cv-07696, ECF 1 at ¶1 (alleging class period of June 23, 2022 to March 6, 2024) *with City of Cape Coral Mun. Gen. Emps.' Ret. Plan v. Methode Elecs., Inc.*, No. 1:24-cv-09654, ECF 1 at ¶1 (alleging class period of December 2, 2021 to March 6, 2024).

4892-5983-7170.v1

complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on August 26, 2024 via *Globe Newswire*. Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Michigan Retirement Systems meet these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Michigan Retirement Systems Motion Is Timely

The August 26th statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by October 25, 2024. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because the Michigan Retirement Systems' motion was timely filed, they are eligible for appointment as lead plaintiff.

### 2. The Michigan Retirement Systems Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and the accompanying loss chart, the Michigan Retirement Systems have a significant financial interest stemming from the purchase of 27,527 shares of Methode common stock during the Class Period, resulting in approximately $812,789 in

- 4 -

losses as a result of defendants' alleged misconduct. *See* Motion, Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Michigan Retirement Systems satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Michigan Retirement Systems Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."'" *Id.* "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.*

Here, the Michigan Retirement Systems' claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Michigan Retirement Systems: (1) purchased Methode common stock during the Class Period; (2) were adversely affected by defendants' allegedly false and misleading statements and omissions; and (3) suffered damages thereby. In other words, the Michigan Retirement Systems' claims arise from the same alleged

- 5 -

misconduct and are based on the same legal theory as the claims of other class members. The Michigan Retirement Systems' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims. Moreover, the Michigan Retirement Systems are the paradigmatic lead plaintiff under the PSLRA because they are sophisticated institutional investors with a substantial financial interest in the resolution of the action. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also In re Neopharm, Inc. Sec. Litig.*, 225 F.R.D. 563, 567 (N.D. Ill. 2004) ("Congress 'anticipated and intended' large institutional investors to oversee securities cases."); *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *5 (N.D. Ill. June 26, 2018) (finding that the PSLRA indicates a "'presumption that institutional investors be appointed lead plaintiff'").

Further, each member of the Michigan Retirement Systems has significant experience serving in a fiduciary capacity and supervising the work of outside counsel. As set forth in greater detail in the Joint Declaration submitted herewith (*see* Motion, Ex. D), the Michigan Retirement Systems understand the obligations of a lead plaintiff to absent class members under the PSLRA, and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. The Michigan Retirement Systems' collaboration in this litigation follows from their roles as fiduciaries to their respective members and their shared goals and interests in protecting and maximizing pension fund assets. Moreover, before seeking a role as lead plaintiff, representatives from the Michigan Retirement Systems participated in a conference call to discuss, among other things, the merits of the claims, as well as their common goals and strategy for the joint prosecution of this Action. *See* Motion, Ex. D at ¶¶8-9. Thus, the Michigan Retirement Systems have the incentive and commitment to vigorously prosecute this action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.

- 6 -

4892-5983-7170.v1

Finally, as further detailed below, the Michigan Retirement Systems retained qualified and experienced proposed lead counsel to vigorously prosecute the case on behalf of the class.

Because the Michigan Retirement Systems filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### C. The Court Should Approve the Michigan Retirement Systems' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, the Michigan Retirement Systems have selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class. With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[3] Courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations. *See, e.g.*, *Hudson v. GoHealth, Inc.*, No. 1:20-cv-05593, ECF 61 (N.D. Ill. Dec. 10, 2020) (Coleman, J.) (appointing Robbins Geller attorneys as lead counsel in securities class action case); *Flynn v. Exelon Corp.*, No. 1:19-cv-08209, ECF 64 (N.D. Ill. July 21, 2020) (same). For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class. The settlement is the largest

---

[3] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case. Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux. They achieved an exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id.* Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[4]

As a result, the class's interests in this case will be well represented if the Court approves the Michigan Retirement Systems' selection of Robbins Geller as Lead Counsel.

## IV. CONCLUSION

The Related Actions share common legal and factual questions and should be consolidated. In addition, the Michigan Retirement Systems satisfy each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Michigan Retirement Systems respectfully request that

---

[4] *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4892-5983-7170.v1

the Court consolidate the Related Actions, appoint the Michigan Retirement Systems as Lead

Plaintiff, and approve their selection of Lead Counsel.

DATED:  October 25, 2024                           Respectfully submitted,

                                                  ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
                                                  DANIELLE S. MYERS (ILND-GB-5711)
                                                  MICHAEL ALBERT
                                                  KENNETH P. DOLITSKY


                                                         s/ Danielle S. Myers
                                                  _____
                                                     DANIELLE S. MYERS

                                                  655 West Broadway, Suite 1900
                                                  San Diego, CA  92101
                                                  Telephone:  619/231-1058
                                                  dmyers@rgrdlaw.com
                                                  malbert@rgrdlaw.com
                                                  kdolitsky@rgrdlaw.com

                                                  ROBBINS GELLER RUDMAN & DOWD LLP
                                                  JAMES E. BARZ (IL Bar # 6255605)
                                                  FRANK A. RICHTER (IL Bar # 6310011)
                                                  CAMERAN M. GILLIAM (IL Bar # 6332723)
                                                  200 S. Wacker Drive, 31st Floor
                                                  Chicago, IL  60606
                                                  Telephone:  630/696-4107
                                                  jbarz@rgrdlaw.com
                                                  frichter@rgrdlaw.com
                                                  cgilliam@rgrdlaw.com

                                                  Proposed Lead Counsel for Proposed Lead
                                                  Plaintiff

                                                  VANOVERBEKE, MICHAUD
                                                    & TIMMONY, P.C.
                                                  THOMAS C. MICHAUD
                                                  79 Alfred Street
                                                  Detroit, MI  48201
                                                  Telephone:  313/578-1200
                                                  tmichaud@vmtlaw.com

- 9 -

4892-5983-7170.v1

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
cbdunn@asherkellylaw.com

Additional Counsel

- 10 -

4892-5983-7170.v1