UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| MARIE SALEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>METHODE ELECTRONICS, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-07696<br><br>CLASS ACTION |

JOINT INITIAL STATUS REPORT

1. **The Nature of the Case:**

   A. **Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

   <u>Counsel for Plaintiff Marie Salem</u>
   James E. Barz (Lead Trial Attorney)
   Robbins Geller Rudman & Dowd LLP
   200 S. Wacker Drive, 31st Floor
   Chicago, IL 60606
   312/674-4674
   Email: jbarz@rgrdlaw.com

   Danielle S. Myers
   Robbins Geller Rudman & Dowd LLP
   655 W. Broadway, Suite 1900
   San Diego, CA 92101
   619/231-1058
   Email: dmyers@rgrdlaw.com

   Frank A. Richter
   Robbins Geller Rudman & Dowd LLP
   200 S. Wacker Drive, 31st Floor
   Chicago, IL 60606
   312/674-4674
   Email: frichter@rgrdlaw.com

   Cameran M. Gilliam
   Robbins Geller Rudman & Dowd LLP
   200 S. Wacker Drive, 31st Floor
   Chicago, IL 60606
   312/674-4674
   Email: cgilliam@rgrdlaw.com

   Brian E. Cochran
   Robbins Geller Rudman & Dowd LLP
   200 S. Wacker Drive, 31st Floor
   Chicago, IL 60606
   312/674-4674
   Email: bcochran@rgrdlaw.com

   Samuel Rudman
   Robbins Geller Rudman & Dowd LLP
   58 South Service Road, Suite 200
   Melville, NY 11747
   631/367-7100
   Email: srudman@rgrdlaw.com

Michael I. Fistel, Jr.
Johnson Fistel, LLP
40 Powder Springs Street
Marietta, GA 30064
470/632-6000
Email: michaelf@johnsonfistel.com

<u>Counsel for Defendants Methode Electronics, Inc., Donald W. Duda, and Ronald L.G. Tsoumas</u>
Zachary Thomas Fardon (Lead Trial Attorney)
King & Spalding LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
312/995-6333
Email: zfardon@kslaw.com

Brandon Ryan Keel
King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
404/572-2780
Email: bkeel@kslaw.com

Jessica Perry Corley
King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309
404/572-4717
Email: jpcorley@kslaw.com

**B.     Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

Plaintiff, a purchaser of Methode common stock, asserts that Defendants violated the federal securities laws, §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, by making materially false and misleading statements about Methode and engaging in a fraudulent scheme to artificially inflate the price of Methode stock. Plaintiff asserts claims on behalf of herself and a

- 2 -

putative class of purchasers of Methode stock between June 23, 2022 and March 6, 2024, inclusive (the "Class Period").

Defendants deny the allegations in the Complaint, including denying that they violated any of the federal securities laws or engaged in any purportedly alleged "scheme to artificially inflate the price of Methode stock."

**C.    Briefly identify the major legal and factual issues in the case.**

Plaintiff submits that the major legal and factual issues in the case include: (i) whether Defendants' statements during the Class Period were materially false and misleading; (ii) whether Defendants engaged in a fraudulent scheme to artificially inflate the price of Methode stock; (iii) whether Defendants acted with scienter in issuing materially false and misleading statements during the Class Period; (iv) and the extent of injuries sustained by the members of the Class and the appropriate measure of damages.

Defendants submit that a preliminary issue for resolution in this case will be whether Plaintiff has pleaded any viable claim for alleged violation of the federal securities laws, which Defendants submit Plaintiff has not and that the Complaint should be dismissed accordingly.

**D.    State the relief sought by any of the parties.**

Plaintiff seeks: (i) to have a class certified under Rule 23 of the Federal Rules of Civil Procedure; (ii) an award of compensatory damages; (iii) an award of reasonable costs and expenses incurred in prosecuting this action; and (iv) such other equitable or other relief as the Court may deem just and proper.

Defendants have not yet responded to the Complaint and do not currently seek any relief but reserve their right to seek any such relief at the appropriate time.

2.  **Jurisdiction: explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

    A.  Identify all federal statutes on which federal question jurisdiction is based.

    28 U.S.C. §1331 and §27 of the 1934 Act, 15 U.S.C. §78aa

    B.  If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

    (1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

    N/A

    (2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.

    N/A

3.  **Status of Service: Identify any defendants that have not been served.**

    All Defendants named in the Complaint filed by Plaintiff Marie Salem have been served (ECF 7).

4.  **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

    Counsel for the parties have conferred and there is not unanimous consent to proceed before a Magistrate Judge.

5.  **Motions.**

    A.  Briefly describe any pending motions.

    Three motions for consolidation of the above-captioned action with *City of Cape Coral Mun. Gen. Emps.' Ret. Plan v. Methode Elecs., Inc.*, No. 1:24-cv-09654 (N.D. Ill.), under Rule 42(a) of the Federal Rules of Civil Procedure, and for the appointment of lead plaintiff and lead counsel pursuant

- 4 -

to the Private Securities Litigation Reform Act of 1995 ("PSLRA") have been filed. *See* ECF 14, 18, 26.

      B.      State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

Defendants expect to move to dismiss the operative Complaint following the appointment of a lead plaintiff in accordance with the Court's scheduling order.

**6.      Case Plan:**

      A.      Submit a proposal for a discovery plan, including the following information:

            (1)      The general type of discovery needed;

            (2)      A date for Rule 26(a)(1) disclosures;

            (3)      First date by which to issue written discovery;

            (4)      A fact discovery completion date;

            (5)      An expert discovery completion date, including dates for the delivery of expert reports; and

            (6)      A date for the filing of dispositive motions.

The parties respectfully submit that a discovery plan is premature. Pursuant to the PSLRA, discovery and related proceedings are automatically stayed during the pendency of any motion to dismiss. *See* 15 U.S.C. §78u-4(b)(3)(B). The parties propose that, in the event that the operative Complaint survives any motion to dismiss, or, in the alternative, Defendants answer the operative Complaint, the parties will promptly meet and confer and submit a proposed discovery plan.

      B.      With respect to trial, indicate the following:

            (1)      Whether a jury trial is requested; and

Yes.

            (2)      The probable length of trial.

Plaintiff anticipates a trial of three weeks.

7.  **Status of Settlement Discussions:**

    A.  Indicate whether any settlement discussions have occurred;

    None.

    B.  Describe the status of any settlement discussions; and

    N/A

    C.  Whether the parties request a settlement conference.

    The parties do not.

DATED: October 28, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
BRIAN E. COCHRAN (IL Bar # 6329016)
CAMERAN M. GILLIAM (IL Bar # 6332723)

/s/ Brian E. Cochran
BRIAN E. COCHRAN

200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
bcochran@rgrdlaw.com
cgilliam@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (ILND-GB-5711)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
dmyers@rgrdlaw.com

|  |  |
|---|---|
|  | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>SAMUEL H. RUDMAN<br>58 South Service Road, Suite 200<br>Melville, NY  11747<br>Telephone:  631/367-7100<br>srudman@rgrdlaw.com<br><br>JOHNSON FISTEL, LLP<br>MICHAEL I. FISTEL, JR.<br>40 Powder Springs Street<br>Marietta, GA  30064<br>Telephone:  470/632-6000<br>michaelf@johnsonfistel.com<br><br>Attorneys for Plaintiff Marie Salem |
| DATED:  October 28, 2024 | KING & SPALDING LLP<br>BRANDON RYAN KEEL<br>JESSICA PERRY CORLEY<br><br>      /s/ Brandon Ryan Keel<br>BRANDON RYAN KEEL<br><br>1180 Peachtree Street, NE<br>Suite 1600<br>Atlanta, GA  30309<br>404/572-2780<br>bkeel@kslaw.com<br>jpcorley@kslaw.com<br><br>KING & SPALDING LLP<br>ZACHARY THOMAS FARDON<br>110 N. Wacker Drive<br>Suite 3800<br>Chicago, IL  60606<br>312/995-6333<br>zfardon@kslaw.com<br><br>Attorneys for Defendants Methode Electronics, Inc., Donald W. Duda, and Ronald L.G. Tsoumas |