UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| MARIE SALEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:24-cv-07696 (Consolidated) |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Sara L. Ellis Magistrate Judge M. David Weisman |
| METHODE ELECTRONICS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

THE MICHIGAN RETIREMENT SYSTEMS' OPPOSITION TO COMPETING
LEAD PLAINTIFF MOTIONS

4929-0692-4288.v1

- i -

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................................1

II.    ARGUMENT........................................................................................................2

        A.    The Michigan Retirement Systems Have the Largest Financial Interest.................3

        B.    The Michigan Retirement Systems Satisfy Rule 23's Requirements and Are Entitled to the Most Adequate Plaintiff Presumption ......................................4

        C.    The Presumption in Favor of Appointing the Michigan Retirement Systems as Lead Plaintiff Cannot Be Rebutted .......................................................7

III.    CONCLUSION..................................................................................................10

4929-0692-4288.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bristol Cnty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*,
2012 WL 5471110 (N.D. Ill. Nov. 9, 2012) ...............................................................7

*Chandler v. Ulta Beauty, Inc.*,
2018 WL 3141763 (N.D. Ill. June 26, 2018) ...............................................................7

*Chill v. Green Tree Fin. Corp.*,
181 F.R.D. 398 (D. Minn. 1998).................................................................................9

*Christakis v. Fifth Third Bancorp*,
2020 WL 9720422 (N.D. Ill. June 29, 2020) ......................................................3, 4, 5

*City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*,
2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) .....................................................4, 5, 7

*DeKalb Cnty. Pension Fund v. Roblox Corp.*,
No. 3:23-cv-06618-RS (N.D. Cal. Jan. 26, 2024)......................................................7

*Doherty v. Pivotal Software, Inc.*,
2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ............................................................9

*Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*,
No. 2:20-cv-04660-JD (E.D. Pa. Nov. 23, 2020) ......................................................7

*Hedick v. Kraft Heinz Co.*,
2019 WL 4958238 (N.D. Ill. Oct. 8, 2019)........................................................3, 4, 6

*Hom v. Vale, S.A.*,
2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ...............................................................4

*Houston Mun. Emps. Pension Sys. v. Mattel, Inc.*,
No. 2:19-cv-10860-AB-PLA (C.D. Cal. Feb. 24, 2020)............................................7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................5

*In re Nike, Inc. Sec. Litig.*,
2024 WL 4579499 (D. Or. Oct. 25, 2024)..................................................................9

*In re Spero Therapeutics, Inc. Sec. Litig.*,
2022 WL 4329471 (E.D.N.Y. Sept. 19, 2022) .......................................................8, 9

*Khunt v. Alibaba Grp. Holding Ltd.*,
102 F.Supp.3d 523 (S.D.N.Y. 2015)..........................................................................8

- ii -

**Page**

*Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) ..................................................................................................5

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014)........................................................................................8

*Richman v. Goldman Sachs Grp., Inc.*,
274 F.R.D. 473 (S.D.N.Y. 2011) .............................................................................................3

*Silverman v. Baxter Int'l Inc.*,
No. 1:19-cv-07786 (N.D. Ill. Jan. 29, 2020) ...........................................................................7

*Sokolow v. LJM Funds Mgmt., Ltd.*,
2018 WL 3141814 (N.D. Ill. June 26, 2018) ...........................................................................7

*Villare v. ABIOMED, Inc.*,
2020 WL 3497285 (S.D.N.Y. June 29, 2020) ..........................................................................9

*Xianglin Shi v. Sina Corp.*,
2005 WL 1561438 (S.D.N.Y. July 1, 2005) .............................................................................6

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§78u-4(a)(3)(B)(iii)(I)............................................................................................................1, 2
§78u-4(a)(3)(B)(iii)(II) ...............................................................................................................7
§78u-4(a)(B)(iii)(II) ....................................................................................................................2

Federal Rules of Civil Procedure
Rule 23 ..........................................................................................................................1, 2, 4, 10

## I. INTRODUCTION

Three competing motions were filed by putative class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) City of Detroit General Retirement System, Genesee County Employees' Retirement System, and City of Monroe Employees' Retirement System (the "Michigan Retirement Systems"); (2) DeKalb County Pension Fund; and (3) City of Cape Coral Municipal General Employees' Retirement Plan, Michigan Electrical Employees' Pension Fund, and Allegheny County Employees' Retirement System (the "Pension Funds"). *See* ECF 14, 18, 26.[1] The PSLRA's statutory framework provides a strong presumption that the "most adequate plaintiff" in a securities class action is the "person or group of persons" with the largest financial interest in the relief sought by the class that also meets the Rule 23 adequacy and typicality requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Based on information contained in the two remaining lead plaintiff movants' submissions, the Michigan Retirement Systems are the "most adequate plaintiff:"

| MOVANT | LOSS SUFFERED | SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED |
|---|---|---|---|---|
| Michigan Retirement Systems | $812,788 | 27,527 | 26,509 | $1,158,787 |
| DeKalb | $724,434 | 30,040 | 23,402 | $1,032,047 |

In addition to possessing the largest financial interest in the relief sought by the class, the Michigan Retirement Systems satisfy Rule 23's requirements. *See* ECF 28 at 5-7; ECF 26-4. Because the Michigan Retirement Systems have the largest financial interest of any movant and are experienced institutional investors who are committed to achieving the best possible outcome for the

---

[1] On November 7, 2024, the Court consolidated the related actions. *See* ECF 41. On October 30, 2024, the Pension Funds filed a notice withdrawing their lead plaintiff motion. *See* ECF 38.

- 1 -

class, the Michigan Retirement Systems respectfully request that the Court appoint them Lead Plaintiff.

By contrast, the remaining competing movant (DeKalb) does not possess the largest financial interest and it cannot rebut the presumption in the Michigan Retirement Systems' favor. Accordingly, because the competing movant cannot trigger the presumption and cannot rebut it, the Michigan Retirement Systems are entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and their choice of Lead Counsel should be approved.

## II.     ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(B)(iii)(II).

As demonstrated herein, the Michigan Retirement Systems are the presumptively "most adequate plaintiff" because they are the movant with the largest financial interest that satisfies the Rule 23 requirements.

4929-0692-4288.v1

### A.    The Michigan Retirement Systems Have the Largest Financial Interest

While the PSLRA "'does not specify how courts should measure the largest financial interest in the relief sought by the class,'" most courts consider the so-called "*Lax* factors": "'(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered.'" *Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019).[2] "While courts differ on the precise weight to apply to each factor, most courts agree that fourth factor  the approximate losses suffered is the most salient factor in selecting the lead plaintiff." *Id.*; *Christakis v. Fifth Third Bancorp*, 2020 WL 9720422, at *2 (N.D. Ill. June 29, 2020) (Ellis, J.) ("The phrase 'largest financial interest' is not defined by statute, but it 'is generally understood to mean "suffered the greatest loss.'"'"); *see also Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475-76 (S.D.N.Y. 2011) ("[A] trend seems to be emerging that the *Lax* factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.").

Under three of the four factors (including the three most important factors), the Michigan Retirement Systems clearly suffered the greatest financial interest in the relief sought by the class:

---

[2]    Unless otherwise noted, all emphasis is added and citations are omitted.

- 3 -

| MOVANT | TOTAL SHARES PURCHASED (*Lax* Factor 1) | NET SHARES PURCHASED (*Lax* Factor 2) | NET FUNDS EXPENDED (*Lax* Factor 3) | LOSS SUFFERED (*Lax* Factor 4) |
|---|---|---|---|---|
| Michigan Retirement Systems | 27,527 | 26,509 | $1,158,787 | $812,788 |
| DeKalb | 30,040 | 23,402 | $1,032,047 | $724,440 |

Pursuant to the PSLRA's sequential process, "'[o]nce the court "identifies the plaintiff with the largest stake in the litigation, [*i.e.*, the Michigan Retirement Systems] further inquiry must focus on ***that plaintiff*** alone and be limited to determining whether [they] satisf[y] the other statutory requirements."'" *Hom v. Vale, S.A.*, 2016 WL 880201, at *6 (S.D.N.Y. Mar. 7, 2016).

### B. The Michigan Retirement Systems Satisfy Rule 23's Requirements and Are Entitled to the Most Adequate Plaintiff Presumption

As the movant with the largest financial interest, the Michigan Retirement Systems need only "mak[e] a preliminary showing that it satisfies the requirements of Rule 23." *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2012 WL 1339678, at *8 (N.D. Ill. Apr. 18, 2012); *see also Hedick*, 2019 WL 4958238, at *8 ("The typicality and adequacy elements are the relevant [Rule 23] factors to the appointment of a lead plaintiff."). The Michigan Retirement Systems satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as lead plaintiff. *See* ECF 28 at 5-7; ECF 26-4.

The Michigan Retirement Systems meet Rule 23's typicality requirement because their claims arise from the same course of events as the claims of all other class members and involve similar legal arguments to prove the defendant's liability, namely, they "'claim to have sustained losses from' the same course of conduct '[D]efendants' misrepresentations and inflations of stock value' and 'these claims arise under the same theory that [D]efendants' course of conduct violated federal securities laws.'" *Christakis*, 2020 WL 9720422, at *2; *see* ECF 28 at 5-6 ("Like the purported class members, the Michigan Retirement Systems: (1) purchased Methode common stock

- 4 -

during the Class Period; (2) were adversely affected by defendants' allegedly false and misleading statements and omissions; and (3) suffered damages thereby. In other words, the Michigan Retirement Systems' claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members.").

Likewise, the Michigan Retirement Systems meet Rule 23's adequacy requirement because their interests are clearly aligned with the interests of the other class members. Indeed, each member of the Michigan Retirement Systems suffered substantial losses, incentivizing them to obtain the best possible result on behalf of the class. In addition, the Michigan Retirement Systems selected counsel with demonstrated track records of success in prosecuting securities fraud cases and serving as lead counsel in this District and around the country. *See* ECF 28 at 7-8; *see also, e.g.*, *Christakis*, 2020 WL 9720422, at *2 ("[T]he Court is satisfied that Robbins Geller, the [Michigan Retirement Systems'] selection for lead counsel, has the necessary competence and experience to vigorously prosecute the litigation on behalf of all the putative class members."); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.) (Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class).

Moreover, the Michigan Retirement Systems – as sophisticated institutional investors with experience serving as lead plaintiff – are the preferred lead plaintiff candidate pursuant to the PSLRA. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."); *City of Sterling Heights*, 2012 WL 1339678, at *3 ("The 'largest financial interest' provision seeks 'to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest

- 5 -

4929-0692-4288.v1

financial stake in the relief sought is the" most adequate plaintiff.""""). Recognizing that "'the "trend" has been to allow small groups of investors to act as lead plaintiff,'" the Michigan Retirement Systems submitted a Joint Declaration evidencing their ability, willingness, and plans to carry out the duties and responsibilities of lead plaintiff jointly. *Hedick*, 2019 WL 4958238, at \*6 (appointing a group of institutional investors as lead plaintiff where they submitted a joint declaration outlining their relationship, their ability to monitor counsel, and their incentive to maximize the recovery for the class); *see* ECF 26-4.

The Michigan Retirement Systems' collaboration in this litigation follows from their roles as fiduciaries charged with collectively managing over $1.5 billion in assets for the benefit of thousands of participants and their beneficiaries. *See* ECF 26-4 at ¶¶2-4. As set forth in their Joint Declaration, the Michigan Retirement Systems have pre-existing relationships as Michigan-based city and county retirement systems whose representatives "regularly interact with one another on matters related to Michigan pension funds (including through our membership, along with other Michigan pension funds, in the Michigan Association of Public Employee Retirement Systems, or MAPERS), and our many shared advisors." *Id.* at ¶7; *see Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at \*5 (S.D.N.Y. July 1, 2005) ("The MAPERS Funds Group is the type of lead plaintiff envisioned by Congress in passing the PSLRA. The three institutions have a prior relationship with each other as members of the MAPERS group for Michigan pension plans. Each institution is a sophisticated investor with millions of dollars of assets under its control."). Further, the Michigan Retirement Systems attested to participating in a conference call where they "discussed [their] ability to effectively collaborate with one another and [their] intent to efficiently and diligently oversee this litigation for the benefit of the class of Methode investors." *Id.* at ¶9.

Simply put, "[t]hrough their affidavits, the Group's members have established that they intend to work together cooperatively and cohesively in this litigation." *City of Sterling Heights*,

- 6 -

4929-0692-4288.v1

2012 WL 1339678, at *8 (appointing group of four institutional investors as lead plaintiff); *see Silverman v. Baxter Int'l Inc.*, No. 1:19-cv-07786, ECF 18 (N.D. Ill. Jan. 29, 2020) (Ellis, J.) (appointing group of two institutional investors as lead plaintiff); *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *3-*5 (N.D. Ill. June 26, 2018) (allowing group with seven members to aggregate losses and appointing that group as lead plaintiff); *Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *6 (N.D. Ill. June 26, 2018) ("Given the significant financial losses claimed by each member of the Hurlbut Group, each can be counted on to sufficiently monitor counsel."); *Bristol Cnty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, 2012 WL 5471110, at *6 (N.D. Ill. Nov. 9, 2012) (appointing group of three institutions as lead plaintiff).[3] Thus, the Michigan Retirement Systems have triggered the PSLRA's "most adequate plaintiff" presumption.

### C. The Presumption in Favor of Appointing the Michigan Retirement Systems as Lead Plaintiff Cannot Be Rebutted

To rebut the strong presumption in favor of appointing the Michigan Retirement Systems as lead plaintiff, the PSLRA requires "proof" that the Michigan Retirement Systems "will not fairly and adequately protect the interests of the class; or . . . [are] subject to unique defenses that render such plaintiff incapable of adequately representing the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

At the October 31, 2024, telephonic status conference, counsel for DeKalb indicated they intend to challenge the Michigan Retirement Systems' status as the presumptive lead plaintiff based on a discrepancy in the numbers filed by the Michigan Retirement Systems. After further review, the Michigan Retirement Systems' counsel recognized that Genesee County Employees' Retirement

---

[3] Any argument by DeKalb regarding the inappropriateness of a group of experienced institutional investors serving collectively as lead plaintiff should be given no credence as DeKalb has previously moved for appointment as lead plaintiff as part of a group of investors (with significantly less ties than the Michigan Retirement Systems attest to here) on numerous occasions. *See, e.g.*, *DeKalb Cnty. Pension Fund v. Roblox Corp.*, No. 3:23-cv-06618-RS, ECF 31 (N.D. Cal. Jan. 26, 2024) (DeKalb jointly moved with Arkansas Teacher Retirement System); *Halman Aldubi Provident and Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 2:20-cv-04660-JD, ECF 8 (E.D. Pa. Nov. 23, 2020) (DeKalb jointly moved with two individual investors); *Houston Mun. Emps. Pension Sys. v. Mattel, Inc.*, No. 2:19-cv-10860-AB-PLA, ECF 17 (C.D. Cal. Feb. 24, 2020) (DeKalb jointly moved with New Orleans Employees' Retirement System).

System's ("Genesee County") Certification inadvertently included a Schedule A detailing transactions in Methode stock for the first-filed, shorter class period alleged in the *Salem* Action instead of transactions for the second-filed, longer class period alleged in the *City of Cape Coral* Action. *See* ECF 26-2. Importantly, Genesee County's originally filed loss chart (ECF 26-3) and financial interest representation (ECF 28 at 4) accurately reflected Genesee County's transactions in the longer *City of Cape Coral* class period. Thus, Genesee County's transactions in the *City of Cape Coral* class period were timely submitted by the October 25, 2024 lead plaintiff deadline. Shortly after the status conference, Genesee County's Certification with the Schedule A reflecting transactions in the second-filed, longer class period alleged in the *City of Cape Coral Action* was promptly filed. *See* ECF 40-1.

As foreshadowed at the telephonic status conference, DeKalb is likely to argue that this inadvertent (and since-corrected) mistake that did not impact Genesee County's claimed financial interest nonetheless negatively impacts Genesee County and the Michigan Retirement Systems' adequacy to serve as lead plaintiff. Not so. "The goal of the PSLRA was not to select individuals for lead plaintiff who make no mistakes . . . ." *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 399 (S.D.N.Y. 2014) . Indeed, 'minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement.'" *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F.Supp.3d 523, 538-39 (S.D.N.Y. 2015).

Where, as here, a lead plaintiff movant inadvertently omits transactions on a certification that are subsequently submitted in a supplemental filing, courts routinely hold that those are not the types of errors that preclude the appointment of that movant as lead plaintiff. *In re Spero Therapeutics, Inc. Sec. Litig.*, 2022 WL 4329471 (E.D.N.Y. Sept. 19, 2022) is instructive. There, one lead plaintiff movant in his originally submitted certification "inadvertently omitted two transactions . . . that occurred during the enlarged class period" and did ***not*** include those transactions on his loss

- 8 -

calculation (as Genesee County did here). *Id.* at *8. Noting that the "mistakes are relatively minor" and "not the kind of errors that courts in this Circuit typically view as demonstrating a movant's inadequacy to serve as lead plaintiff," the court appointed that movant as lead plaintiff. *Id.* at *8-*9; *see also In re Nike, Inc. Sec. Litig.*, 2024 WL 4579499, at *6 (D. Or. Oct. 25, 2024) ("Here, the single error made when transposing the transactions from CDPQ's custodial records to the filing documents is not sufficient proof to rebut the CDPQ-Deka Group's status as presumptive lead plaintiff. The fact that this error caused the CDPQ-Deka Group to misstate its losses by over $3 million is troubling. However, unlike the significant and repeated errors in the cases cited by the Meitav Group, the CDPQ-Deka Group's error was clearly inadvertent and will not 'infect the claims of the class as a whole.'"); *Doherty v. Pivotal Software, Inc.*, 2019 WL 5864581, at *7 (N.D. Cal. Nov. 8, 2019) ("That Doherty filed inconsistent shareholder certifications does not prevent him from serving as lead plaintiff. . . . Doherty corrected his mistake as to the certificates when it was brought to his attention. . . . No party has provided the necessary 'proof' of inadequacy to overcome the presumption in favor of the Group. Accordingly, the Court finds that the Group has met the adequacy requirement."); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 410-11 (D. Minn. 1998) ("In the final analysis, we find that the noted flaws in the certifications have been sufficiently rectified so as to allow the Court to accept Newman's, Corbett's, and Seward's computation of their asserted financial losses.").

Similarly, in *Villare v. ABIOMED, Inc.*, 2020 WL 3497285 (S.D.N.Y. June 29, 2020), one movant's post-deadline submission of a supplemental certification listing transactions in an expanded class period was not found to be disqualifying. *Id.* at *5. The court in *Villare* found that the movant did not "engage[] in any gamesmanship to manipulate its loss figures, nor could it, given that [movant] gave notice of its losses during the longer class period in its motion by listing all its transactions in its loss analysis." *Id.* at *5 n.9. This is precisely what Genesee County did here. *See*

- 9 -

ECF 26-3 (Michigan Retirement Systems' originally submitted loss chart listing Genesee County's transactions in the longer *City of Cape Coral* class period). As such, there can be no legitimate argument that Genesee County or the Michigan Retirement Systems engaged in any sort of gamesmanship to try to disadvantage competing movants. Rather, it was an inadvertent and immaterial mistake caused by the filing of the *City of Cape Coral* complaint just days before Genesee County executed its initial certification, which mistake had no impact on the Michigan Retirement Systems' stated financial interest or its adequacy to serve as the lead plaintiff.

In sum, DeKalb has failed to provide the proof required to rebut the presumption in favor of appointing the Michigan Retirement Systems as lead plaintiff in this case. As such, the Michigan Retirement Systems' motion should be granted.

## III.    CONCLUSION

The investor with the largest financial interest that also satisfies the requirements of Rule 23 is entitled to the PSLRA's most adequate plaintiff presumption. That investor is the Michigan Retirement Systems. The competing movants do not possess the largest financial interest and cannot rebut the presumption in favor of the Michigan Retirement Systems. Accordingly, the Michigan Retirement Systems respectfully submit that their motion should be granted.

DATED:  November 26, 2024                 Respectfully submitted,

                                          ROBBINS GELLER RUDMAN & DOWD LLP
                                          DANIELLE S. MYERS (ILND-GB-5711)
                                          MICHAEL ALBERT
                                          KENNETH P. DOLITSKY


                                                  s/ Danielle S. Myers
                                          DANIELLE S. MYERS

- 10 -

4929-0692-4288.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
CAMERAN M. GILLIAM (IL Bar # 6332723)
200 S. Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

VANOVERBEKE, MICHAUD
  & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
tmichaud@vmtlaw.com

ASHERKELLY
CYNTHIA J. BILLINGS-DUNN
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
cbdunn@asherkellylaw.com

Additional Counsel

- 11 -

4929-0692-4288.v1