# EXHIBIT E

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 5213 | **DATE** | 1/15/2009 |
| **CASE TITLE** | First Trust Investor Group vs. First Trust Advisors LP | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, we deny Gosselin Group's motion to be appointed lead plaintiffs and for approval of their proposed choice of counsel as lead counsel 55 and we grant First Trust Group's motion to be appointed lead plaintiff and for approval of their proposed choice of counsel as lead counsel 53 . The law firm of Brower Piven, A Professional Corporation, is hereby appointed as Lead Counsel for Lead Plaintiff and the Class and the law firm of Krislov & Associates, Ltd. is hereby appointed as Liaison Counsel for Lead Plaintiff and the Class.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

## <u>ORDER</u>

This matter is before the court on Plaintiff First Trust Investor Group's ("First Trust Group") motion to be appointed lead plaintiffs and for approval of First Trust Group's proposed choice of counsel as lead counsel. This matter is also before the court on Plaintiff Roger Gosselin's, Plaintiff Robert Barrett's, and Plaintiff Wiley Custer's (collectively referred to as "Gosselin Group") motion to be appointed lead plaintiffs and for approval of Gosselin Group's proposed choice of counsel as lead counsel. The Gosselin Group brought an action in case number 08 C 5213 against Defendants on September 12, 2008. First Trust Group brought an action against Defendants in case number 08 C 5378 on September 19, 2008. On November 18, 2008, we granted First Trust Group's motion to consolidate both cases since the cases involved the same allegations and same Defendants. Both groups of Plaintiffs are seeking to bring class actions against Defendants for violations of federal securities laws.

The Private Securities Litigation Reform Act ("PSLRA") of 1995 provides that within 90 days after publication of the initial notice of the pendency of the action, the district court must

**STATEMENT**

appoint a lead plaintiff that would be most capable to represent the interests of the class members.  15 U.S.C. § 78u-4(a)(3)(B)(I); 15 U.S.C. § 77z-1(a)(3)(B)(I).  In determining which plaintiff should be the lead plaintiff, the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that--(aa) has either filed the complaint or made a motion in response to a notice . . .; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  The PSLRA also provides that "[t]he presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

In the instant action, Gosselin Group claims to have incurred $282,000 in losses in their transactions that are the subject of the instant action.  First Trust Group contends that it suffered $236,020.26.  Thus, the Gosselin Group indicates it has the largest financial interest.  However, as First Trust Group correctly points out, Gosselin Group has not shown itself to be truly a cohesive group that logically should have its financial interests considered as a whole.  First Trust Group on the other hand has shown that it is a unified group that has a significant financial interest at stake in this case and in reality represents the group with the largest financial interest at stake in this case.

First Trust Group has provided documentation showing that its members are a small cohesive group that intend to actively work together in this case.  First Trust Group has

## STATEMENT

provided declarations explaining how the group intends to prosecute the action, consult with each other, share information, and manage the litigation. Gosselin Group has not shown that it will be able to operate in such a unified and efficient manner. First Trust Group also points out that the Gosselin Group indicates, for example, that it will have two separate law firms act as lead counsel, one firm will serve as liaison counsel, and two other firms will act as additional counsel. Such an organizational structure would not promote an efficient and effective representation of the class in this case. Gosselin Group, apparently recognizing its deficiencies in class representation now indicates in its reply that it intends to have only three firms acting as counsel. However, as First Trust Group correctly notes, five separate firms are listed in Gosselin Group's motion seeking appointment as class plaintiffs. (G Mot. 2-3); (G Mem. 10-11). Gosselin Group also argues in its reply that it too is a small cohesive group of investors that can efficiently prosecute this case, but, based on the parties' filings we are not convinced. We also note that Gosselin Group cannot serve as class counsel since Gosselin Group has failed to provide proper sworn certifications as required under the PSLRA. 15 U.S.C. § 78u-4(a)(2)(A); 15 U.S.C. § 77z-1(a)(2)(A).

After a consideration of all the materials presented by the parties, we conclude that Gosselin Group will not fairly and adequately protect the interests of the class and that First Trust Group would clearly be the most adequate lead plaintiffs in this case. First Trust Group would presumably be the most appropriate class counsel and even if Gosselin Group had been considered to be presumed to be the most appropriate class counsel under the PSLRA, First Trust Group has rebutted that presumption. First Trust Group has also shown its proposed counsel has significant experience dealing with such class actions and would effectively represent the class. First Trust Group has also shown that it otherwise satisfies the requirements

**STATEMENT**

of Rule 23 of the Federal Rules of Civil Procedure.  Therefore, we deny Gosselin Group's motion to be appointed lead plaintiffs and for approval of their proposed choice of counsel as lead counsel and we grant First Trust Group's motion to be appointed lead plaintiff and for approval of their proposed choice of counsel as lead counsel.