IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIE SALEM, individually and on      )   No. 24 C 7696
behalf of all others similarly        )
situated,                             )
                                      )
                    Plaintiff,        )
                                      )
        vs.                           )
                                      )
METHODE ELECTRONICS, INC., et al.,    )
                                      )
                    Defendants.       )
------------------------------------  )
CITY OF CAPE CORAL MUNICIPAL          )   No. 24 C 9654
GENERAL EMPLOYEES' RETIREMENT         )
PLAN, individually and on behalf      )
of all others similarly situated,     )
                                      )
                    Plaintiff,        )
                                      )
                                      )
        vs.                           )
                                      )
METHODE ELECTRONICS, INC., et al.,    )   Chicago, Illinois
                                      )   October 31, 2024
                    Defendants.       )   1:45 p.m.

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HON. SARA L. ELLIS

APPEARANCES:

For the Marie Salem
Plaintiffs:            MS. DANIELLE S. MYERS
                      Robbins, Geller, Rudman & Dowd LLP,
                      200 South Wacker Drive, 31st Floor,
                      Chicago, Illinois  60606


                      PATRICK J. MULLEN
                   Official Court Reporter
                United States District Court
            219 South Dearborn Street, Room 1412
                 Chicago, Illinois  60604
                     (312) 435-5565

APPEARANCES:   (Continued.)

For Plaintiff
DeKalb County
Pension Fund:          MR. ROBERT W. KILLORIN
                       Faruqi & Faruqi, LLP,
                       3565 Piedmont Road, NE,
                       Building 4, Suite 380,
                       Atlanta, Georgia   30305

                       MR. JAMES M. WILSON, JR.
                       Faruqi & Faruqi, LLP,
                       685 Third Avenue, 26th Floor,
                       New York, New York   10017

                       MS. LORIE A. FANNING
                       Miller Law LLC,
                       53 West Jackson Boulevard, Suite 1320,
                       Chicago, Illinois   60604

For the Defendants:    MR. BRANDON R. KEEL
                       MS. JESSICA P. CORLEY
                       King & Spalding LLP,
                       1180 Peachtree Street, NE,
                       Atlanta, Georgia   30309

(Telephonic proceedings on the record.)

THE CLERK: 24 CV 7696, Salem versus Methode Electronics, Inc.

MS. MYERS: Good afternoon, Your Honor.

MS. FANNING: Good afternoon, Your Honor.

THE COURT: All right. If everybody could state their --

MS. FANNING: Good afternoon, Your Honor. Lorie Fanning on behalf of the --

THE COURT: Hold on.

MS. FANNING: Okay.

THE COURT: All right, plaintiff first and then the defendants. Everybody, tell me who you are and who you represent.

MS. MYERS: Your Honor, this is Danielle Myers of Robbins, Geller, Rudman & Dowd on behalf of plaintiff Marie Salem and also lead plaintiffs and movants, City of Detroit General Retirement System, Genesee County Employees' Retirement System, and the City of Monroe Employees' Retirement System.

MS. FANNING: Good morning, Your Honor. This is Lorie Fanning from Miller Law LLC on behalf of the movant, DeKalb County Pension Fund.

MR. KILLORIN: Your Honor, this is Bob Killorin also on behalf of DeKalb County, and with me is my partner in New

York James Wilson.

MR. WILSON: Good afternoon, Your Honor.

MR. KILLORIN: And, Your Honor, I don't know that any defendants are present. I think we're here just on the lead plaintiffs' motion.

MS. CORLEY: No. This is Jessica Corley with the law firm of King & Spaulding on behalf of defendants.

MR. KILLORIN: I'm sorry.

MS. CORLEY: No problem. I was just waiting for all the plaintiffs to announce themselves. With my also is my partner Brandon Keel.

THE COURT: All right. Then do we have anybody for the movant, the City of Cape Coral?

MR. KILLORIN: They have withdrawn their -- withdrawn, Your Honor.

THE COURT: No, they didn't withdraw. They only withdrew their motion for appointment as lead counsel.

MR. KILLORIN: That is -- I apologize. I stand corrected, Your Honor. That is correct.

THE COURT: All right. So it looks to me, Ms. Myers, that the entity with the largest loss amount is the City of Detroit. Is that correct? Does everybody agree?

MR. KILLORIN: No, Your Honor. Bob Killorin for DeKalb. According to the sworn declarations, DeKalb County has the largest losses, and that is what we want to brief.

There's a discrepancy in the Michigan retirement systems' filings and their numbers. But if you go by the only numbers that have been sworn and attested to, DeKalb County has the largest losses by, gosh, almost $100,000.

THE COURT: Okay. Ms. Myers, what's your position on that?

MS. MYERS: Your Honor, I'm a little confused. The documents that have been filed with the Court show that my clients have $812,788 in losses and that DeKalb County Pension Fund has $724,440 in losses. So I guess there's -- I'm not sure what DeKalb's position is going to be on the amount there, but we did meet and confer in advance of this presentment, Your Honor, and Mr. Killorin and I agreed to a briefing schedule for oppositions and replies if Your Honor would be amenable to allowing us to brief whatever their issue is with the math calculations.

THE COURT: Okay. I will allow you to brief it, but it would make sense to me to have you sit down and figure out if there really is a discrepancy. If you can't -- you know, if you get to the point where you can't agree and you want to brief it, then I think that makes sense, but it looks like this is a numbers issue.

You know, just in my reading of what was filed, it seemed to me that the City of Detroit's system had the greatest amount of losses, just looking at the numbers. So,

you know, they are what they are. I think it makes a bit more sense, rather than jumping into a briefing schedule right away, to have the parties sit down and talk about what those issues are. Does that make sense?

MR. KILLORIN: Your Honor --

MS. MYERS: Yes, Your Honor.

MR. KILLORIN: -- this is Bob Killorin. Yeah, we have no objection, no objection to that. If we do get to a brief, we will raise a couple of other points about the fact that it appears that that group was perhaps cobbled together with no prior relationship in litigation, and DeKalb is a sole institutional movant with significant experience. But that argument is greatly outweighed by the sworn certification issue, and we'd be happy to discuss that with Ms. Myers.

THE COURT: All right. So why don't you do that. Do you want to come back in 14 days or a week? When can you get that done?

MR. KILLORIN: Your Honor, I have to travel for another hearing next week, so 14 days would work better for DeKalb.

MS. MYERS: That works fine for the Michigan retirement systems, Your Honor.

THE COURT: Okay. So why don't I set this over for 14 days. If you can't come to some sort of agreement, then by the 12th if you just file a proposed briefing schedule I can

get that entered and we don't need -- I won't need to see you. I'll just enter it. Otherwise, I'll see you on the 14th, and then we can get moving and figure out when you'll file an operative complaint.

In terms of the case before Judge Gettleman, does anybody object to the consolidation?

MR. KILLORIN: DeKalb County has no objection, Your Honor. We think it's a good idea.

MS. MYERS: The same for the Michigan retirement systems, Your Honor.

MS. CORLEY: No objection from the defendant.

THE COURT: All right. So I will grant that part of -- well, let's see. So I'll grant docket 18 in part, DeKalb's motion to consolidate the cases as a related action, and then I'll enter and continue the part of the motion that relates to appointment of lead counsel, then enter and continue at docket 26 the City of Detroit Retirement System's appointment of lead counsel. Then we've got at 36 and 37 motions for leave to appear pro hac vice, both of which are granted.

MR. WILSON: Thank you, Your Honor.

THE COURT: So I'll see everybody then in 14 days unless you can't come to some agreement, and then I'll set a briefing schedule that the parties propose. Does that make sense to everybody?

MR. KILLORIN:  Thank you, Your Honor.

MS. MYERS:  Yes.  Thank you, Your Honor.

MS. KILLORIN:  Yes, Your Honor.

MR. WILSON:  Thank you, Your Honor.

MS. FANNING:  Thank you.

THE COURT:  Okay.  Thank you.

(Proceedings concluded.)

C E R T I F I C A T E

I, Patrick J. Mullen, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable SARA L. ELLIS, one of the judges of said Court, at Chicago, Illinois, on October 31, 2024.

/s/ Patrick J. Mullen
Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division